Matthias, J.
The primary question presented is whether a writ of mandamus should be denied the relator on the ground that an adequate remedy is provided by law. Such issue is made by the demurrer to the second and third defenses of the answer, and if that is valid it is a full and complete defense to the claims set up in the petition.
Mandamus is an extraordinary remedy and may issue only when ordinary remedies are inadequate. This requirement has become a provision of the statute and is now found in Section 12287, General Code, which provides that “the writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.”
The action of the board of county commissioners complained of is that when it came to consider the .findings of the county auditor that the real estate of each subdivision in' the county was assessed for taxation in the aggregate at its true value in money as it then appeared on the tax duplicate of the county, the board found that the real estate in each subdivision of the county was in the aggregate not assessed at its true value in money, but in excess thereof, and that instead of setting aside the asT sessment the board proceeded, under authority which it claims is conferred upon it by Section 5548, General Code, to modify the findings of the county auditor, and passed a resolution wherein the county auditor was directed “to modify his said duplicate in all of said townships, villages, wards and cities of said County of Clark, by reducing the real estate valuation of same to the extent of ten per cent, by horizontal reduction, for the taxable *176 year of 1921, and that said Auditor proceed to enter upon his duplicate the valuations thereof, so modified, in accordance with this order, as the assessed real property valuations for each township, village, ward, city and political subdivision of said county, as the true value in money for taxation purposes for said year of 1921.”
It is urged on behalf of the tax commission that the board of county commissioners having determined that the real estate of any subdivision was not on the duplicate at its true value in money it then became the duty of the county, auditor, under the provisions of Section 5548, General Code, to proceed to assess such real estate for the purpose of taxation; and that is the procedure sought now to be enforced by a writ of mandamus.
Undoubtedly the action of the board of county' commissioners in the respect complained of did amount to a rejection of the findings of the county auditor. But the tax commission is expressly authorized by the further provision of Section 5548, General Code, to order that such assessment be made under the direction of the county auditor, “when the tax commission of Ohio, after investigation, finds that the aggregate value for taxation of the real estate therein is not its true value in money.”
It further appears that under Sections 5612 and 5613, General Code, authority, full and complete, is conferred upon the tax commission of Ohio to provide the very remedy sought in this action in mandamus; for by the provisions of those sections the tax commission is authorized to either increase *177 or diminish the aggregate value of the real or personal property of any such county, township, village, city or taxing district by such rate or per cent., or by such amount, as will place such property on the tax list at its true value in money. An adequate remedy is thus provided by law. The reason for applying the rule is particularly cogent where by clear and express provision of law the remedy is placed in the hands of the very administrative board which is seeking the extraordinary remedy of mandamus. It is our view, therefore, that the so-called second defense is a complete defense to the action set out in the petition.
The conclusion reached renders it unnecessary to discuss the other defenses of the answer.

Writ denied.

Marshall, C. J., Johnson, Hough, Wanamaker and Robinson, JJ., concur.